GENERAL ELECTRIC CO. v. BULLOCK ELECTRIC MFG. CO. et al.

(Circuit Court, S. D. Ohio, W. D.   February 19, 1906.)

No. 5,654.

PATENTS—INFRINGEMENT—ARMATURE CORE.

The Reist patent, No. 508,637, for an armature core was not anticipated and discloses invention.   Also *held* infringed.

In Equity.   Suit for infringement of Claims, 1, 2, 4, 5, 6, and 8, of letters patent No. 508,637, granted to the General Electric Company, November 14, 1893, as the assignee of Henry G. Reist.

Richardson, Herrick & Neave, for complainant.
Stem, Heidman & Mchehope and C. V. Edwards, for defendant.

THOMPSON, District Judge.   Claims 1, 2, 4, 5, 6, and 8, read as follows:

"(1) A laminated armature core built up in sections, and separators attached to the laminæ between the two consecutive sections, as and for the purpose described.

"(2) In an armature core the combination with sections built up of laminæ, of separators consisting of ribs of metal between said sections, and in contact with adjacent laminæ whereby ventilating space is afforded between the inner and outer surfaces of said core, as described.

"(4) In a toothed armature core built up of laminated sections, separators consisting of ribs extending outwardly from the teeth on one of said sections to the corresponding teeth on the adjacent section, whereby said sections are mutually supported and air passages radial to the center of said core afforded, as and for the purpose specified.

"(5) An armature core consisting of laminæ arranged side by side and separators attached to certain of the laminæ to form a ventilating space or spaces in the core.

"(6) An armature core consisting of layers of laminæ built up in sections or bundles, and pronged or skeleton separators attached to an outside lamina of each of said sections, whereby ventilating space is provided between adjacent sections, as described.

"(8) In an armature a sheet or lamina having teeth or projections for the reception of the armature coils or armature conductors, and metal separators riveted or otherwise secured thereto, said separators extending toward the points or free ends of said teeth or projections."

Reist claims to "have invented a new and useful improvement in the contruction of armature-cores * * * whereby ample ventilation is obtained for dissipating the heat generated thereon without detri-

ment to the inductive qualities of the core, and without materially increasing the expense of construction."

The heating of the armatures greatly impairs the efficiency and capacity of the machine and prior to the patent in suit, many patents were granted covering schemes of ventilation, as means for dissipating the heat, none of which proved to be of much value or usefulness, for they usually involved such a reduction of the laminated iron of the core, as to cause a greater impairment of the efficiency and capacity of the machine than before, and the evidence shows, as a consequence, that for five or six years prior to the granting of the patent in suit, their use was practically abandoned.

The Reist method of ventilation supplied the want and furnished a means for dissipating the heat which did not impair, but increased the efficiency and capacity of the machine, without materially increasing the expense of construction, but the defendant contends that, in the light of the prior art, invention was not required to produce this method, but only the skill of the experienced mechanic. This contention cannot be sustained. The prior art fully advised Reist of the difficulties attending the undertaking, but afforded him little aid in overcoming them. In view of magnetic and electrical conditions, which imposed limitations that had theretofore prevented a successful solution of the problem, more than mere mechanical skill was required to fashion the separator, fix its location, and make the adjustments to its surroundings necessary to meet these conditions and establish his scheme of ventilation. Space for the ventilation ducts could only be obtained by the removal of iron from the core, and success depended upon securing adequate ventilation without overbalancing loss caused by the removal of the iron, and the question presented was whether, under these conditions, success was possible. If possible, it required an economical use of space and the employment of devices and appliances consistent therewith, not known to the prior art. Reist answered the question in the affirmative, and supplied the means for accomplishing the desired result, and his contribution to the art was new and useful. His scheme was not anticipated by Kapp, Crompton, Cohen, or Brown.

The evidence shows that the defendant company's construction No. 1 infringes claims 1, 2, 4, 5, and 8, and that its construction No. 2 infringes claims No. 2, 4, and 6. No case is made against the defendant George Bullock.

There will be a decree for the complainant against the Bullock Electric Manufacturing Company, as prayed.